220 November 15, 2023 No. 604

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

J. S.,
*Petitioner-Respondent,*

*v.*

Jonas HUDGINS,
*Respondent-Appellant.*

Deschutes County Circuit Court
22SK03027; A179953

Michelle A. McIver, Judge.

Submitted July 7, 2023.

R. Brady Williams filed the brief for appellant.

J. S. filed the brief *pro se*. Also on the brief was J. S.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed.

**HELLMAN, J.**

Respondent appeals from the trial court's entry of a civil stalking protective order (SPO) against him under ORS 30.866.[1] In his assignment of error, respondent contends that the trial court erred when it determined that the statutory requirements for an SPO were satisfied. Specifically, he argues that there were not repeated contacts as required by ORS 30.866 because the only contacts alleged—three of his text messages—were constitutionally protected speech under Article I, section 8, of the Oregon Constitution.[2] As explained below, we reverse.

As a preliminary matter, we note that neither party requested *de novo* review and that this is not a case that warrants such review. *See* ORS 19.415(3)(b) (describing discretionary *de novo* review); ORAP 5.40(8)(c) (providing that the court will exercise its discretion to review *de novo* "only in exceptional cases"). Therefore, in conducting our review, "'we view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record is legally sufficient to permit that outcome.'" *H. L. P. v. Jones*, 309 Or App 108, 109, 481 P3d 415 (2021) (quoting *J. D. K. v. W. T. F.*, 276 Or App 533, 537, 369 P3d 1181 (2016)).

On appeal, respondent argues that the evidence was insufficient to support the SPO. We agree. We considered the same facts in a related case, also decided today, concerning petitioner's husband, *J. S. v. Hudgins*, 329 Or App 176, ___ P3d ___ (2023). In that case, we reversed petitioner's husband's SPO against respondent that was based on the same text messages at issue in this case. *Id.* at 177-78. Because the trial court relied on the same text messages and record to issue the SPO here, we conclude that it erred for the same reasons that we articulate in our other opinion. *See id.* at 180-82 (holding same in related case).

Reversed.

---

[1] In civil stalking cases, we ordinarily refer to the parties by their designation in the trial court. *J. D. K. v. W. T. F.*, 276 Or App 533, 534 n 1, 369 P3d 1181 (2016) (so stating).

[2] Article I, section 8, provides, in relevant part, that "[n]o law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever[.]"